IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FRANCES SWINDLE MARTIN**                                      **PLAINTIFF**

**V.**                                      **NO. 4:19cv115-JMV**

**NANCY BERRYHILL,**
*Commissioner of Social Security*                               **DEFENDANT**

## **FINAL JUDGMENT**

      This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability, disability insurance benefits, and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

      Consistent with the Court's oral ruling during a hearing held June 22, 2020, the Court finds the Commissioner's decision is not supported by substantial evidence in the record. Specifically, there was no evidence to support the ALJ's determination that the claimant had the residual functional capacity ("RFC") for light work and could, therefore, perform the six hours of walking required for jobs in that exertional category. Indeed, the only physician who had considered the claimant's back impairment in combination with her knee impairments opined the claimant was only capable of standing/walking for less than two

hours during a normal workday. Of course, this opinion was rejected. Ultimately, because the ALJ gave no function-by-function assessment of the claimant's RFC—tied to specific evidence—in his decision, it appears he relied solely on his own medical opinion to conclude that findings in a September 2018 back MRI report presented limitations consistent with light work.

On remand, the ALJ must reconsider the claimant's impairments and issue a new decision. The ALJ must, at minimum, obtain the assistance of a medical consultant, who must be provided with all the claimant's pertinent medical records and who must submit a physical RFC assessment, function-by-function. If necessary, the ALJ must also obtain supplemental vocational expert testimony on the issue of whether there is any work the claimant can perform in view of all her limitations and the relevant vocational factors. The ALJ may conduct any additional proceedings that are not inconsistent with this ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 23rd day of June, 2020.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE