IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**FRANCES SWINDLE MARTIN**                                                                            **PLAINTIFF**

**V.**                          **NO. 4:19cv115-JMV**

**NANCY BERRYHILL,**
*Commissioner of Social Security*                              **DEFENDANT**

**OPINION AND ORDER DENYING MOTION
TO ALTER OR AMEND JUDGMENT**

This cause is before the Court on Defendant's motion [25] to alter or amend the June 23, 2020, Final Judgment [19], brought pursuant to FED. R. CIV. P. 59(e). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having considered the briefing of the parties and applicable law, finds the motion is not well taken for the reasons set out below.

**Rule 59(e)**

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). "[A]mending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Group. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003)).

A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

### Judicial Review of Social Security Cases

Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted).

The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994); *Harrell,* 862 F.2d at 475. If the

Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994).

## Discussion

The Commissioner states he has brought the instant motion "to correct a manifest error of law or fact." He essentially charges as follows:

> The manifest error at issue concerns the court's application of prior regulatory standards regarding the weighing of medical opinion evidence by the administrative finder. Specifically, the Court's oral ruling reflects reliance on the analytical framework set forth in 20 C.F.R. sections 404.1527 and 416.927, which applies only to applications filed on or before March 27, 2017. Hearing Transcript (HT) at 6-7. Such reliance on old regulations constitutes a manifest error of law, because the application at issue in this case was filed on August 22, 2017.
>
> Further, the court did not show proper deference to the ALJ's findings when it concluded that it was the ALJ's or agency's burden to provide evidence of a *lack of limitations* in the claimant's residual functional capacity. Docket 18 at 1-2. The Court, by holding that "there was no evidence to support the ALJ's determination that the claimant had the residual functional capacity ("RFC") for light work and could, therefore, perform the six hours of walking required for jobs in that exertional category," committed a manifest error of law and fact by inverting the statutory burden directing that claimants establish the presence of functional limitations.

Def.'s Br. [26] 2. The Court does not agree with the Commissioner's assessment of this Court's ruling and will only address those points raised by the Commissioner the Court deems most notable.[1]

In pertinent part the Court's Final Judgment stated:

> Consistent with the Court's oral ruling during a hearing held June 22, 2020, the Court finds the Commissioner's decision is not supported by substantial evidence in the record. Specifically, there was no evidence to support the ALJ's determination that the claimant had the residual functional capacity ("RFC") for light work and could, therefore, perform the six hours of walking required for jobs

---

[1] With respect to the Commissioner's suggestion this Court is without authority to remand this case with the instructions contained in the final judgment, the Court will simply state it finds the Commissioner's arguments without merit. *See Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980) (citing 42 U.S.C. § 405(g) and stating, "A reviewing Court can, in its discretion and for 'good cause shown,' remand a social security claim in order that additional evidence be taken.").

in that exertional category. Indeed, the only physician who had considered the claimant's back impairment in combination with her knee impairments opined the claimant was only capable of standing/walking for less than two hours during a normal workday. Of course, this opinion was rejected. Ultimately, because the ALJ gave no function-by-function assessment of the claimant's RFC—tied to specific evidence—in his decision, it appears he relied solely on his own medical opinion to conclude that findings in a September 2018 back MRI report presented limitations consistent with light work.

On remand, the ALJ must reconsider the claimant's impairments and issue a new decision. The ALJ must, at minimum, obtain the assistance of a medical consultant, who must be provided with all the claimant's pertinent medical records and who must submit a physical RFC assessment, function-by-function.

Final Judgment [19] 1-2. In it's oral ruling, the Court stated:

> **THE COURT:** All right, y'all. So, the Court is going to send this case back. I'm doing so because I don't think there's substantial evidence in the record to support this RFC of walking six hours on this record. The biggest problem to me is the, you know, she was ordered to undergo an MRI after she starts complaining not too much about the knee, but the back and hip in 2018. And she has this MRI and her—the only medical professional who looks at her is this Dr. Tanner. And, you know, and obviously she findsa very, very limitation—very limited functional capabilities. But I guess the major thing is the ALJ then looks at the MRI—and he's not a medical doctor—but he surmises that it's going to cause—it needs to result in a change in what she can do. But based on—based on what he then decides what that is. In other words, I mean, he just says, I've looked at it. The MRI, it warrants reducing it, what the DDS examiners found. And so this is what I'm going to do. I mean, it does seem to me that that is the kind of playing doctor circumstance that we've talked about before.

Oral Arg. Hr'g Tr. 6:17-25; 7:1-10 June 22, 2020.

First, based on the foregoing references, the Court clearly found there was not substantial evidence to support the ALJ's guess that the claimant was capable of six hours of walking in an eight-hour workday in view of an MRI report that had not been considered by a medical professional whose opinion(s) the ALJ found persuasive. To the extent the Commissioner charges the Court applied an outdated regulatory framework in evaluating the ALJ's consideration of Nurse Practitioner Tanner's opinion, even if such

contention were correct—which it is not[2]—this avails the Commissioner little in view of the Court's ultimate conclusion that the ALJ impermissibly played doctor when he translated an MRI report with significant findings (according to the ALJ himself) into an RFC assessment without the assistance of a medical professional.[3]

Next, to the extent the Commissioner insists the Court improperly shifted the burden of proof from the claimant to the ALJ with respect to proving disability—presumably because there was no evidence of functional limitations, among other things—this argument is without merit in view of a record that contains evidence of severe knee and back impairments, obesity, complaints of pain on range of motion of the

---

[2] Indeed, the Court quite agrees with the Commissioner's statement on page 10 of his brief that this Court made no finding the ALJ's assessment of Nurse Tanner's opinion under the new regulations was erroneous. Def.'s Br. [26] 10.

[3] The Commissioner points out in a footnote that the Court's ruling contains no citation to legal authority. Def.'s Br. [26] 14 n.7. While this is correct, the Court notes the Commissioner avoids addressing the Court's finding that the ALJ's decision does not contain a function-by-function assessment of the light RFC he crafted. *See Myers v. Apfel*, 238 F.3d 617, 620-21 (5th Cir. 2001) (pointing out SSR 96-8p and 96-9p require an ALJ to perform a "function-by-function assessment" of the claimant's capacity to perform sustained work-related physical, mental, and other work activities). Furthermore, as concerns the ALJ's playing doctor, it is well established in this district and the Fifth Circuit that an ALJ may not play doctor in the context of interpreting the significance of raw medical data. *Melvin v. Astrue*, No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D. Miss. March 9, 2010) ("Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.") (citations omitted). *See also Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003) (noting an ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help" and citing with approval the Seventh Circuit's warning to "ALJ's against 'playing doctor' and making their own independent medical assessments") (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). *See also Ripley v. Charter*, 67 F.3d 552, 558 n.27 (5th Cir. 1995) (finding substantial evidence did not support the ALJ's RFC determination because the court could not determine the effect the claimant's conditions, "no matter how 'small," had on his ability to work, absent a report from a qualified medical expert); *Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (reversing and remanding because the ALJ improperly interposed his own opinion when there was "no evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday"); *Thornhill v. Colvin,* No. 3:14cv335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley* and noting the problem with the ALJ's RFC determination was "the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations").

lower extremities, backache with radiation, limping, and a 2018 MRI report that had not been reviewed by any physician whose opinion the ALJ found persuasive. Moreover, the ALJ himself recognized findings in the claimant's 2018 MRI report required a reduction of the medium RFC opined by state agency physicians. Unfortunately, however, the ALJ was not qualified to determine how much of a reduction was required.

Finally, the Commissioner makes passing reference to the fact that neither the Court's oral ruling nor Final Judgment reflects a finding that the record was insufficiently developed or that the claimant was prejudiced by a record that was not adequately developed. The Court finds while it is correct neither the oral ruling nor judgment contains the express terms, the fact that the record was insufficiently developed for the ALJ to formulate the claimant's RFC is, nevertheless, implicit in the Court's ultimate ruling, which requires remand for a medical professional's assessment of the 2018 MRI report.[4] Moreover, the Commissioner cites no legal authority that an express finding was required. And, turning to the prejudice issue, the Court finds this argument is not well taken because it is an attempt by the Commissioner to rehash an argument he failed to raise in response to Plaintiff's brief prior to the entry of judgment. In the alternative, prejudice was demonstrated in this case. *See Thornhill*, *supra*, at *10 ("Prejudice is demonstrated where the ALJ could have obtained evidence that might have changed the result—specifically, a medical source statement [addressing what effect the claimant's conditions had on her ability to work]."). In this case the ALJ could have obtained an

---

[4] The Commissioner cites no persuasive legal authority in support of his contention that this Court has no authority to require that the ALJ obtain a function-by-function assessment of RFC from a medical advisor. Further, because the new regulations have not changed the ALJ's duty to consider all medical opinions in the claimant's file, any suggestion the ALJ is not required to consider the medical advisor's assessment obtained on remand is rejected.

updated medical reviewer's assessment of the file prior to making the RFC determination.

In conclusion, the Court finds the errors raised by the Commissioner by way of the instant motion are insufficient to warrant vacating the Court's judgment to affirm the Commissioner's decision. *See* Def.'s Br. [15] 16 and 17. Accordingly, the motion is DENIED. The Commissioner shall have 14 days from this date to respond to Plaintiff's motion for attorney fees [20].

SO ORDERED this 28th day of August, 2020.

/s/ Jane M. Virden
U.S. Magistrate Judge